UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**LENZY BENTON,** *DOJ-FBOP #06448-043*                                    **PLAINTIFF**

**v.**                                                         **CAUSE NO. 1:17-cv-248-HSO-JCG**

**UNITED STATES**                                                          **DEFENDANT**

### REPORT AND RECOMMENDATION THAT PLAINTIFF'S SUIT BE DISMISSED FOR FAILURE TO PROSECUTE AND OBEY ORDERS OF THE COURT

THIS CAUSE IS BEFORE THE COURT for consideration of dismissal, following Plaintiff Lenzy Benton's failure to appear at an in-person case management conference. The undersigned recommends that Plaintiff's suit be dismissed for failure to prosecute and obey orders of the Court.

### I. BACKGROUND

Plaintiff Lenzy Benton is a former federal inmate who was incarcerated at the Federal Correctional Institution I (FCI I) in Oakdale, Louisiana. (ECF No. 12, at 1). In his Complaint, Plaintiff challenges the medical care he received while incarcerated at FCI I. (ECF No. 1). Plaintiff was released from federal custody on July 28, 2017, and filed suit on September 11, 2017. Plaintiff provided an address in Moss Point, Mississippi, as his new residence address. Plaintiff is proceeding *pro se* and *in forma pauperis*.

Defendant United States of America responded to Plaintiff's Complaint on March 22, 2018, by filing a Motion to Dismiss or in the Alternative for Summary Judgment. According to Defendant, Plaintiff's Federal Tort Claims Act claims are time-barred under 28 U.S.C. § 2401(b), and Plaintiff's medical malpractice claims under

Louisiana law must be dismissed because Plaintiff did not provide an expert report as required by La. Stat. Ann. § 40:1231, et seq. (ECF No. 11).

Pursuant to Federal Rule of Civil Procedure 16, the Clerk of Court issued a notice setting an in-person case management conference for May 14, 2018. (ECF No. 13). The Rule 16(a) Initial Order was mailed to Plaintiff's address of record via certified mail. Per a returned Acknowledgement, the Order was received on April 3, 2018, and signed for by "Doretha Benton." (ECF No. 14).

The Rule 16(a) Initial Order required Plaintiff to confer with Defendant's counsel twenty-one days prior to the conference. Plaintiff did not comply with this portion of the Order. The Rule 16(a) Initial Order required Plaintiff to submit a proposed case management order to the judge at least seven days prior to the conference. Plaintiff did not comply with this portion of the Order. The Rule 16(a) Initial Order required Plaintiff to submit a confidential memorandum setting forth a brief explanation of the case, a candid appraisal of his position, and possible settlement figures. Plaintiff did not comply with this portion of the Order.

The Rule 16(a) Initial Order required Plaintiff to attend the case management conference in person at 2:00 p.m. on May 14, 2018. Plaintiff did not attend or notify the Court that he would not attend. At the time the conference was set to commence, the courtroom security officer called Plaintiff's name three times inside and outside the courtroom. There was no response. Defense counsel informed the Court that they had attempted to contact Plaintiff via his cellphone number, but the phone was set not to take calls. Plaintiff has not filed pleadings or otherwise corresponded with the Court since he filed his Complaint and Application to Proceed *in forma pauperis* on

September 11, 2017.

## II. DISCUSSION

The Court has the authority to dismiss an action for a plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b) and under its inherent authority to dismiss an action *sua sponte*. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court. *Id.* at 629-30.

As a general rule, dismissals under Rule 41(b) are permitted only when "(1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Berry v. CIGNA/RSI*, 975 F.2d 1188, 1191 (5th Cir. 1992).

On review, the Court finds that there is a clear pattern of delay and contumacious conduct. Despite receiving the Rule 16(a) Initial Order, Plaintiff did not comply with its requirements. Plaintiff did not confer with Defendant's counsel twenty-one days prior to the conference, Plaintiff did not submit a proposed case

management order to the judge at least seven days prior to the conference, and Plaintiff did not submit a confidential memorandum setting forth a brief explanation of the case, a candid appraisal of his position, and possible settlement figures. Plaintiff did not appear at the May 14, 2018, in-person case management conference, or notify the Court that he would not appear. Defense counsel's attempts to contact Plaintiff via phone have been unsuccessful. Plaintiff has not filed pleadings or otherwise corresponded with the Court since he filed his Complaint and Application to Proceed *in forma pauperis,* which was over eight months ago.

Plaintiff is apparently no longer interested in pursuing this case. There is no reason to conclude that lesser sanctions than dismissal would prompt diligent prosecution. The undersigned recommends that Plaintiff's suit be dismissed under Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to prosecute and abide by orders of the Court.

### III. NOTICE OF RIGHT TO OBJECT/APPEAL

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U.Civ.R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and

recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Automobile Assoc.,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED,** this the 14th day of May, 2018.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE