# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

**LENZY BENTON,** *DOJ-FBOP #06448-043*                                        **PLAINTIFF**

**v.**                                        **Civil No. 1:17cv248-HSO-JCG**

**UNITED STATES**                                        **DEFENDANT**

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [15] AND DISMISSING PLAINTIFF'S CLAIM WITHOUT PREJUDICE

This matter comes before the Court on the Report and Recommendation [15] of United States Magistrate Judge John C. Gargiulo, entered on May 14, 2018. Plaintiff Lenzy Benton filed a pro se Complaint in this Court claiming that the Federal Bureau of Prisons ("BOP") failed to provide him reasonable and timely medical care during his incarceration at the Federal Correctional Institution I in Oakdale, Louisiana. The Magistrate Judge recommended that this case be dismissed for Benton's failure to prosecute and obey orders of the Court. After due consideration of the Report and Recommendation [15], the record, and relevant legal authority, the Court finds that the Report and Recommendation should be adopted as the finding of this Court, and that Benton's Complaint should be dismissed without prejudice.

## I. BACKGROUND

On September 11, 2017, Benton filed a Complaint [1] in this Court against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et*

*seq.* Benton alleged that he was previously a prisoner in the custody of the BOP. Compl. [1] at 1. Benton allegedly suffered from an inflamed and ulcerated colon, but was delayed in seeing a medical professional and never received access to a medical specialist to treat his condition. *Id.* Benton claims that BOP failed to provide him reasonable and timely medical care. *Id.* On March 22, 2018, the United States filed a Motion [11] to Dismiss or in the Alternative, Motion for Summary Judgment.

On March 27, 2018, the Court entered a Rule 16(a) Initial Order [13], setting an in-person case management conference ("CMC") for May 14, 2018. Order [13] at 1. The Order instructed the parties to confer no later than twenty-one days prior to the CMC, and also to submit a proposed case management order and a confidential memorandum by May 7, 2018. *Id.* The confidential memorandum was to include a candid appraisal of the parties' respective positions, including possible settlement figures. *Id.* The Court warned that the failure of any party to submit the proposed case management order and confidential memoranda may result in imposition of sanctions. *Id.* at 1-2. The Order was mailed to Benton's address of record and was delivered at some time before April 3, 2018. Acknowledgement of Receipt [14]. The CMC was held on May 14, 2018, however, Benton did not appear, nor did he comply with any of the other instructions in the Court's Initial Order [13].

On May 14, 2018, the Magistrate Judge issued a Report and Recommendation, recommending the dismissal of Benton's suit for failure to

prosecute and to obey orders of the Court.    The Magistrate Judge found that there

was a clear pattern of delay and contumacious conduct by Benton.    R. & R. [15] at

3.    The Magistrate Judge noted that Benton did not comply with the Rule 16(a)

Initial Order's requirements to confer with defense counsel twenty-one days prior to

the CMC, did not submit a proposed case management order at least seven days

prior to the conference, and did not submit a confidential memorandum.    *Id.* at 3-4.

Benton did not appear at the in-person CMC or even notify the Court that he would

not attend.    *Id.* at 4.    At the time the conference was set to commence, defense

counsel informed the Court that they had attempted to contact Benton via his

cellphone, but the phone was set to not take calls.    *Id.* at 2.

Accordingly, the Magistrate Judge concluded that Benton was apparently no

longer interested in pursuing his case and that lesser sanctions other than

dismissal would not prompt diligent prosecution.    *Id.* at 4.    The Magistrate Judge

recommended that Benton's suit be dismissed under Federal Rule of Civil Procedure

41(b) for failure to prosecute and to obey the Court's orders.    *Id.*

A copy of the Report and Recommendation was mailed to Benton and

delivered to his address on May 16, 2018.    USPS Tracking [16].    To date, Benton

has not objected to the Report and Recommendation, and the time for doing so has

passed.

## II. <u>DISCUSSION</u>

A.    <u>Legal Standard</u>

Where no party has objected to a magistrate judge's proposed findings of fact

and recommendation, the Court need not conduct a de novo review of it. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). In such cases, the Court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

B.     Analysis

"A district court may dismiss an action for failure of a plaintiff to prosecute or to comply with any order of court" under Federal Rule of Civil Procedure 41(b). *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). "The court possesses the inherent authority to dismiss the action *sua sponte*, without motion by a defendant." *Id.* The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link v. Wabash Railroad*, 370 U.S. 626, 630 (1962). Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id.* at 630-31.

Dismissals for failure to prosecute and comply with court orders are appropriate when: "(1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Berry v.*

4

*CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (footnote omitted).

Here, the Magistrate Judge did not clearly err in finding a clear record of delay and contumacious conduct by Benton. Benton failed to respond to the United States' Motion to Dismiss, and also failed to comply with numerous instructions from the Court as directed in the Rule 16(a) Initial Order. These instructions – to confer with opposing counsel, to submit a proposed case management order that would set pleading and discovery deadlines, and to submit a confidential memorandum including a candid appraisal of the parties' positions and settlement figures – are necessary to achieve the orderly disposition of this case. Benton failed to appear at the in-person CMC and did not inform the Court that he would not be appearing. Not only has Benton refused to follow the Court's written instructions, defense counsel has been unable to reach Benton on his cellphone.

The Magistrate Judge did not clearly err in finding that lesser sanctions would not prompt diligent prosecution. "Lesser sanctions include assessments of fines, costs, or damages against the plaintiff, conditional dismissal, dismissal without prejudice, and explicit warnings." *Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013) (citation and quotation marks omitted). Benton is "proceeding *in forma pauperis*, thus any monetary sanctions would have been fruitless." *Id.* The Rule 16(a) Initial Order explicitly warned Benton that failure to comply with the Order may result in sanctions. And here, after the Magistrate Judge recommended that Benton's case be dismissed for failure to prosecute, Benton has not objected to the Magistrate Judge's findings and recommendation.

Though the Court will dismiss Benton's Complaint without prejudice, dismissals without prejudice are treated as dismissals with prejudice as to claims that will be time-barred. *Berry*, 975 F.2d at 1191. As the United States posits in its Motion [11] to Dismiss, "[a] tort claim against the United States shall be forever barred unless . . . action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b). The BOP's denial letter that Benton attached to his Complaint states that the letter was mailed on March 2, 2017. BOP Denial Letter [1-4] at 1. Benton filed his Complaint [1] on September 11, 2017. As Benton has not raised any basis for the statute of limitations to be tolled, his claims appear to be time-barred, and dismissal of his Complaint without prejudice for failure to prosecute may operate as a dismissal with prejudice.

"[I]n most cases where" the Fifth Circuit Court of Appeals has affirmed dismissal with prejudice for failure to prosecute, the court has found at least one of three aggravating factors: "(1) delay caused by the plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Berry*, 975 F.2d at 1191. Though the presence of one of these factors is not always required, *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 418 (5th Cir. 2006), at least one aggravating factor is present here. Benton himself, and not counsel, is to blame for the delay, as he is appearing pro se, and all filings and Court orders have been mailed to his address which he provided to the Court. Moreover, attempts by counsel to reach him personally by telephone have proved

futile.   Benton's conduct, such as failing to appear at an in-person CMC and failing to inform the Court that he would not attend, cannot be attributed to a lack of legal sophistication.

Having conducted the required review, the Court concludes that the Magistrate Judge's findings are not clearly erroneous, nor are they an abuse of discretion or contrary to law.   The Court will adopt the Magistrate Judge's Report and Recommendation [15] as the opinion of this Court.

III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Magistrate Judge's Report and Recommendation [15], entered in this case on May 14, 2018, is adopted in its entirety as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Plaintiff Lenzy Benton's Complaint [1] is **DISMISSED WITHOUT PREJUDICE**.   A separate judgment will be entered in accordance with this Order, as required by Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED AND ADJUDGED**, this the 18th day of June, 2018.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE